996 F.2d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred BLACK; Elaine Black, Plaintiffs-Appellants,
v.
Robert H. AUMAN; Southeastern Mutual Trust, a Partnership,
Defendants-Appellees,
and
S & H INVESTMENTS, INCORPORATED, Defendant.
 No. 92-2036.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1993.
Decided: June 29, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (CA-92-114-3)
 James John Raman, Spartanburg, South Carolina, for Appellants.
 Roger Lynn Couch, Spartanburg, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This case presents the question of whether certain disclosures in a loan document satisfy the requirements of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z. 12 C.F.R. Part 226. The district court granted defendants' motion for a directed verdict after finding that the disclosures in question met these requirements. Because we find that the disclosures were conspicuously segregated from the transaction's other terms, and that the disclosures adequately described the property in which a security interest was being taken, we affirm the district court's judgment.
 
 I.
 
 2
 Plaintiffs borrowed $2500 from defendants, putting up their mobile home as collateral. In doing so, plaintiffs signed a loan agreement. At the top of the agreement's front page was a Truth-in-Lending Disclosure Statement, contained in a heavy-printed, black-bordered box. Among other information inside the box, defendants could mark three categories of property in which a nonpurchase money security interest was being taken: "personal property," "motor vehicle," or "other." In this case, defendants marked "other" for the mobile home. Immediately beneath the black-bordered box, also labeled in heavy print, were the words "Note-Security Agreement." Beneath these words was the statement, "SECURITY AGREEMENT: A security interest under the Uniform Commercial Code is acquired by the lender in the following described property to secure payment of this loan." Then followed this typed description: "1977 Country Squire Mobile Home, Serial No: SCAN71161A."
 
 
 3
 In their suit, plaintiffs alleged violations of the Act and Regulation Z because of defendants' failure to identify the mobile home as something besides "other" within the black-bordered box. At the close of plaintiffs' proof to the jury, the district court granted defendants' motion for a directed verdict because the court found no violation of the Act or regulation. This appeal followed.
 
 II.
 
 4
 The Act requires creditors to disclose various details of transactions to consumers seeking credit. One such disclosure is that when the credit is secured, the creditor provide "a statement that a security interest has been taken in ... (B) property not purchased as part of the credit transaction identified by item or type." 15 U.S.C. § 1638(a)(9)(B). Regulation Z echoes this requirement by providing that the creditor disclose "[t]he fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type." 12 C.F.R. § 226.18(m) (emphasis added). The Act further requires that these disclosures be "conspicuously segregated" from the other terms of the transaction. 15 U.S.C. § 1638(b)(1). Regulation Z provides that the disclosures be (1) made "clearly and conspicuously in writing," (2) "grouped together," and (3) "segregated from everything else" in the transaction. 12 C.F.R. § 226.17(a)(1).
 
 
 5
 Plaintiffs argue that a description of the mobile home as "other" is not an adequate identification by item or type, and that the specific description of the mobile home by model and serial number should not be considered because it does not appear within the blackbordered, Truth-in-Lending box. Plaintiffs maintain that the Act and regulation require that all of the disclosures, including an adequate description, appear within the black-bordered "federal box."
 
 
 6
 We disagree. The Act and regulation require only that the disclosures be clearly written, grouped together, and conspicuously segregated. Regulation Z's official commentary lists a number of ways that these objectives may be achieved, including not only outlining the disclosures in a box, but also highlighting them with bold print dividing lines, different color backgrounds, or different type styles. 12 C.F.R. § 226, Supp. I, p 17(a)(1)-2. Here, the descriptions of the mobile home by both item and type were quite clearly written, grouped with the other disclosures at the top of the agreement's front page, and conspicuously segregated through the use of bold, dark typeface to highlight both the disclosure statement and the security agreement.
 
 
 7
 Further, the descriptions of the mobile home by both type and item were adequate, especially when taken together. Regulation Z's official commentary states that the security interest disclosure "is satisfied by a general disclosure of the category of property subject to the security interest...." Id. at p 18(m)-2. Describing the mobile home as "other" in the context of comparing it to personal property or a motor vehicle is such a general disclosure. The loan agreement also described the mobile home as a specific item by giving its make, model year, and serial number. The Act and regulation only require identification by item or type; it is certainly sufficient disclosure to provide both.
 
 
 8
 In sum, this loan agreement adequately disclosed the information required by the Act and Regulation Z. It contained descriptions by both item and type of the property in which a security interest was being taken, and all of its disclosures were conspicuously segregated from the transactions' other terms.
 
 III.
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.